IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE VIKING PUMP, INC. | § No. 518, 2014 |
| AND WARREN PUMPS, LLC | § No. 523, 2014 |
| INSURANCE APPEALS | § No. 525, 2014 |
| | § No. 528, 2014 |
| | § |
| | § **CONSOLIDATED** |
| | § |
| | § CASES BELOW: |
| | § |
| | § SUPERIOR COURT OF THE STATE |
| | § OF DELAWARE IN AND FOR |
| | § NEW CASTLE COUNTY, Consolidated |
| | § C.A. No. N10C-06-141 FSS [CCLD] |
| | § -and- |
| | § COURT OF CHANCERY OF THE STATE |
| | § OF DELAWARE, C.A. No. 1465-VCS |

Submitted: May 13, 2015
Decided: June 10, 2015

BEFORE **HOLLAND, VALIHURA, VAUGHN**, Justices, **WALLS** and **RYAN**, Judges.[1]

Upon Appeals from the Superior Court and the Court of Chancery. **CERTIFIED QUESTION TO THE NEW YORK COURT OF APPEALS.**

Lisa A. Schmidt, Esquire, Travis S. Hunter, Esquire, Richards, Layton & Finger, P.A., Wilmington, Delaware; Michael P. Foradas, Esquire, (*argued*), Lisa G. Esayian, Esquire and William T. Pruitt, Esquire, Kirkland & Ellis, Chicago, Illinois, Attorneys for Plaintiff-Appellant, Viking Pump, Inc.

Jennifer C. Wasson, Esquire, and Michael B. Rush, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware; Robin L. Cohen, Esquire (*argued*), and

[1] Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

Keith McKenna, Esquire, Kasowitz, Benson, Torres & Friedman LLP, New York, New York, Attorneys for Plaintiff-Appellant, Warren Pumps LLC.

Kenneth J. Nachbar, Esquire (*argued*), Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware; Garrett B. Moritz, Esquire, Nicholas D. Mozal, Esquire, Ross Aronstam & Moritz LLP, Wilmington, Delaware; Tancred V. Schiavoni, Esquire, Gary Svirsky, Esquire, O'Melveny & Myers LLP, New York, New York, for Defendants TIG Insurance Company, f/k/a International Insurance Company, with respect to policies numbered 5220113076 and 5220282357, and Westchester Fire Insurance Company, with respect to policy numbered 5220489339, by operation of novation; ACE Property & Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company), as successor-in-interest to Central National Insurance Company of Omaha, but only as respects policies issued through Cravens, Dargan & Company, Pacific Coast (improperly named as The Central National Insurance Company of Omaha); and Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Century Indemnity Company as successor to CIGNA Specialty Insurance Company (f/k/a California Union Insurance Company).

Paul Cottrell, Esquire, Tighe & Cottrell, P.A., Wilmington, Delaware; Timothy Jay Houseal, Esquire, Jennifer M. Kinkus, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; Lynn H. Murray, Esquire, Shook, Hardy & Bacon LLP, Chicago, Illinois; Laura S. McKay, Esquire, Hinkhouse Williams Walsh LLP, Chicago, Illinois, for Defendant The Continental Insurance Company as successor by merger to Fidelity & Casualty Company of New York.

Paul Cottrell, Esquire, Tighe & Cottrell, P.A., Wilmington, Delaware; Timothy Jay Houseal, Esquire, Jennifer M. Kinkus, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; Laura S. McKay, Esquire, Douglas M. DeWitt, Esquire, Hinkhouse Williams Walsh LLP, Chicago, Illinois, for Defendants Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies; Granite State Insurance Company; Lexington Insurance Company; and National Union Fire Insurance Company Of Pittsburgh, Pa.

Robert J. Katzenstein, Esquire, Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware; Christopher R. Carroll, Esquire, Heather E. Simpson, Esquire, Carroll, McNulty & Kull LLC, Basking Ridge, New Jersey, for Defendant TIG Insurance Company, as successor by merger to International Insurance Company, as

successor by merger to International Surplus Lines Insurance Company (Policy No. XSI 5217 only).

Thaddeus J. Weaver, Esquire, Dilworth Paxson LLP, Wilmington, Delaware; Timothy Jay Houseal, Esquire, Jennifer M. Kinkus, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; Laura S. McKay, Esquire, Hinkhouse Williams Walsh LLP, Chicago, Illinois, for Defendants OneBeacon America Insurance Company, now known as Lamorak Insurance Company, as successor to Commercial Union Insurance Company, XL Insurance America, Inc., as successor to Vanguard Insurance Company, and Republic Insurance Company, n/k/a Starr Indemnity & Liability Company.

James W. Semple, Esquire, Cooch and Taylor P.A., Wilmington, Delaware; Kristin Suga Heres, Esquire, Zelle Hofmann Voelbel & Mason, LLP, Waltham, Massachusetts, for Defendant Westport Insurance Corporation.

Robert M. Greenberg, Esquire, Tybout Redfearn & Pell, Wilmington, Delaware; Amy R. Paulus, Esquire, Mark D. Paulson, Esquire, Don R. Sampen, Esquire, Clausen Miller P.C., Chicago, Illinois, for Defendant Old Republic Insurance Company.

Neal J. Levitsky, Esquire, Seth A. Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware; Kathleen D. Monnes, Esquire, Joseph K. Scully, Esquire, John W. Cerreta, Esquire, Day Pitney LLP, Hartford, Connecticut, for Defendant Travelers Casualty and Surety Company.

**HOLLAND**, Justice:

This is a consolidated appeal in an insurance-coverage dispute from separate trial court judgments by the Court of Chancery and the Superior Court. Viking Pump, Inc. ("Viking") and Warren Pumps, LLC ("Warren") seek to recover under insurance policies issued to a third company: Houdaille Industries, Inc. ("Houdaille"). The litigation first arose in 2005, when Viking brought suit in the Court of Chancery claiming that it was the successor to insurance policies that the Liberty Mutual Insurance Company ("Liberty") had issued to Houdaille or, in the alternative, seeking partition of the Liberty policy limits. Liberty, Viking, and Warren settled their dispute.

### Court of Chancery

Viking and Warren then filed new complaints in the Court of Chancery against more than twenty other insurers that had issued excess policies to Houdaille. The parties cross-moved for summary judgment, *inter alia*, on how to allocate the losses where, as here, the underlying asbestos injuries potentially trigger coverage across multiple policy periods.[2]

With regard to allocation, the Court of Chancery found a split in authority: some jurisdictions adopt a "joint and several" rule that allows the insured to pick a triggered policy and collect in full up to policy limits; other courts allocate liability

---

[2] *See Viking Pump, Inc. v. Century Indem. Co.*, 2 A.3d 76 (Del. Ch. 2009).

according to each triggered period's "pro rata" share.[3]  The Court of Chancery acknowledged that New York's highest court had rejected "joint and several allocation as "not consistent" with standard policy language, also included in the policies here, limiting coverage to injury "'*during the policy period.*'"[4]

| The language construed in *Con Ed* | The language here |
|---|---|
| "To indemnify the insured for ***all sums*** which the insured shall be obligated to pay by reason of the liability . . . for damages, direct or consequential, and expenses, all as more fully defined by the term ultimate net loss, on account of . . . property damage, caused by or arising out of each occurrence [with occurrence defined to mean 'an event, or continuous or repeated exposure to conditions, which causes injury, damage or destruction ***during the policy period***']." 774 N.E.2d at 693 (emphasis added). | "The company will pay on behalf of the insured ***all sums*** in excess of the retained limit which the insured shall become legally obligated to pay . . . as damages, direct or consequential, because of . . . personal injury [with personal injury defined as 'personal or bodily injury which occurs ***during the policy period*** sustained by a natural person . . . .'] . . . with respect to which this policy applies and caused by an occurrence." Addendum A-14,-18,-20,-25,-29,-31,-37,-43,-48,-55,-62,-72 (emphasis added). |

The Court of Chancery distinguished *Consol. Edison of N.Y., Inc. v. Allstate Ins. Co.* on the ground that the policies here contain additional provisions – "Non-Cumulation" and "Prior Insurance" provisions – that the Chancery Court viewed as

---

[3] *Id.* at 107 n.99.
[4] *Consol. Edison Co. of N.Y., Inc. v. Allstate Ins. Co.*, 774 N.E.2d 687, 695 (N.Y. 2002) (citing *Olin Corp. v. Ins. Co. of N. Am.*, 221 A.3d 307, 323 (2d Cir. 2002)); *see Viking Pump*, 2 A.3d at 84, 109, 118.

5

inconsistent with pro rata allocation.[5] The Umbrella Policies all contain the following Non–Cumulation Provisions:

> If the same occurrence gives rise to personal injury, property damage or advertising injury or damage which occurs partly before and partly within any annual period of this policy, the each occurrence limit and the applicable aggregate limit or limits of this policy shall be reduced by the amount of each payment made by [Liberty Mutual] with respect to such occurrence, either under a previous policy or policies of which this is a replacement, or under this policy with respect to previous annual periods thereof.[6]

Twenty-eight of the Excess Policies follow form to this language.[7]

Similarly, seventeen of the Excess Policies, and all of the Policies which do not incorporate the Non–Cumulation Provisions, have substantively identical Prior Insurance Provisions which generally state that:

> It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess Policy issued to the Insured prior to the inception date hereof, the limit of liability hereon stated in the Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Insured on account of such loss under such prior insurance.
>
> Subject to the foregoing paragraph and to all the other terms and conditions of this Policy in the event that personal injury or property damage arising out of an

---

[5] *Viking Pump*, 2 A.3d at 118-27. One New York trial court disagreed with the Court of Chancery. *Mt. McKinley Ins. Co. v. Corning Inc.*, 2012 N.Y. Misc. LEXIS 6531, at *12-14 (N.Y. Sup. Ct. Sept. 7, 2012).

[6] JA2842; *Viking Pump, Inc.*, 2 A3d at 121-22.

[7] *Viking Pump, Inc.*, 2 A.3d at 121-22.

occurrence covered hereunder is continuing at the time of termination of this Policy the Company will continue to protect the Insured for liability in respect of such personal injury or property damage without payment of additional premium.[8]

The Court of Chancery held that the Houdaille policies unambiguously provide for all sums allocation.[9]

### *Superior Court*

Following the Court of Chancery proceedings, the case was transferred to the Superior Court to hear and determine several other issues, one of which was whether the excess policies were subject to vertical or horizontal exhaustion. In a post-trial opinion dated October 31, 2013, the Superior Court held that, as a matter of New York law, Viking Pump and Warren were obligated to horizontally exhaust all triggered "primary and umbrella insurance layers before tapping" any of Houdaille's excess coverage.[10] In a subsequent opinion dated February 28, 2014, the Superior Court clarified that this horizontal-exhaustion requirement was limited to the primary and umbrella coverage layers.[11]

The legal insurers in this appeal are controlled by New York law. Section 500.27 of the New York Rules of Court authorizes certification of cases to the New

---

[8] *Id.*

[9] *Id.* at 119.

[10] *Viking Pump, Inc. v. Century Indem. Co.*, 2013 WL 7098824, at *21 (Del. Super. Ct. Oct. 31, 2013).

[11] *Viking Pump, Inc. v. Century Indem Co.*, 2014 WL 1305003, at *11-12 (Del. Super. Ct. Feb. 28, 2014).

7

York Court of Appeals "[w]henever it appears to . . . a court of last resort of any other state that determinative questions of New York law are involved in a case pending before that court for which no controlling precedent of the Court of Appeals exists . . . ."[12] We have concluded that a resolution of this appeal depends on significant and unsettled questions of New York law that have not been answered, in the first instance, by the New York Court of Appeals.

### *Certified Questions*

This Court hereby certifies the following questions to the New York Court of Appeals:

1. Under New York law, is the proper method of allocation to be used all sums or pro rata when there are non-cumulation and prior insurance provisions?

2. Given the Court's answer to Question #1, under New York law and based on the policy language at issue here, when the underlying primary and umbrella insurance in the same policy period has been exhausted, does vertical or horizontal exhaustion apply to determine when a policyholder may access its excess insurance?

We direct the Clerk of this Court to send this opinion to the Clerk of the New York Court of Appeals, as our certificate, together with the parties' briefs and appendices. We will take no further action in this appeal until after the New York Court of Appeals acts on this certification request.

---

[12] N.Y. Comp. Codes R. & Regs. Tit. 22, § 500.27(a) (2010).